# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

WESTPORT COMMUNITY )
SECONDARY SCHOOLS, INC., )
A Missouri Not for Profit Corporation, )
 )
   *Plaintiff,* )
 )
  v. )   Case No. 05-CV-W-0414-ODS
 )
THE SCHOOL DISTRICT OF )
KANSAS CITY 33, )
d/b/a KANSAS CITY 33 SCHOOL )
DISTRICT, )
A Municipal Corporation, )
 )
and )
 )
DR. BERNARD TAYLOR, JR. )
Superintendent of Schools for )
Kansas City 33 School District, )
in his official and in his individual )
capacity, )
 )
and )
 )
BONNIE McKELVEY )
Chief Financial Officer for )
Kansas City 33 School District )
in her official capacity and in her individual )
capacity, )
 )
Serve at: )
 )
  1211 McGee, Rm. 1103 )
  Kansas City, MO 64106 )
 )
and )
 )

Missouri Department of Elementary and )
    Secondary Education, a subdivision )
    of the State of Missouri, )
     )
Serve: )
    Jeremiah W. (Jay) Nixon )
    Attorney General )
    207 W. High Street )
    P.O. Box 899 )
    Jefferson City, MO 65102 )
     )
            *Defendants.* )

## PLAINTIFF'S SECOND AMENDED PETITION

COMES NOW Plaintiff, Westport Community Secondary Schools, Inc. ("Westport"), by and through its attorneys of record, and for its claims and actions against the above-named Defendants, School District of Kansas City 33, d/b/a Kansas City 33 School District ("District"), Dr. Bernard Taylor, Jr. ("Taylor"), individually and in his capacity as Superintendent of District, Bonnie McKelvey ("McKelvey"), individually and in her capacity as Chief Financial Officer for District, and the Missouri Department of Elementary and Secondary Education ("DESE") states as follows:

## FACTS APPLICABLE TO ALL COUNTS

1.      Plaintiff is a Missouri not for profit corporation which, in the time periods alleged hereinafter, functioned and conducted operations as a Charter Senior Academy and Charter Middle Academy in Kansas City, Jackson County, Missouri, pursuant to Section 160.010 et seq. (RSMo.) (the "Charter School Statute") and a Charter School Agreement (the "Agreement") with District.

2

2. Defendant, District, is a municipal corporation and body politic of the State of Missouri and may sue and be sued in its own name. Taylor is the Superintendent of District schools. McKelvey is Chief Financial Officer for District. Taylor and McKelvey are employed by District. District's business and financial conduct are the responsibility of and are carried out and directed by Taylor and McKelvey. DESE is an agency or department of the State of Missouri acting under color of state law that may sue and be sued in its own name.

3. The acts and omissions alleged and complained of hereinafter occurred in Kansas City, Jackson County, Missouri, or were actions undertaken or required pursuant to the Charter School Statute or the Agreement, which was entered into and was to be performed in Kansas City, Jackson County, Missouri.

4. There is subject matter jurisdiction over the Plaintiff's claims in this Court and there is personal jurisdiction over the parties to this action and the action is properly venued.

5. Plaintiff and District entered into the Agreement on or about April 25, 1999.

6. At the time of entering into the Agreement, Plaintiff and District contemplated and agreed that Plaintiff would conduct charter school operations for both the senior and the middle academy in school buildings and on grounds owned by District, and that District would not interfere with Plaintiff's quiet and peaceful exclusive use, possession and occupancy of the said school grounds, buildings and facilities (the "school premises" or "school buildings").

7.     For a period of more than five years following April 25, 1999, District knowingly consented to, permitted and authorized Plaintiff to use, possess and occupy the school premises and Plaintiff did so for the purpose of educating students at the senior and middle academies consistent with the Agreement and authority granted Plaintiff under Section 160.010 *et seq.* (RSMo.).

8.     Pursuant to Section 160.415.4 (RSMo.), Plaintiff contracted with District and other entities affiliated with or under the control of District for services including, but not limited to, food service, custodial service, and maintenance.

9.     Pursuant to Section 160.415.4, and pursuant to the Agreement, District was only entitled to payment by Plaintiff for the contracted-for services in the amount of "documented actual costs of such services."

10.     Pursuant to the Charter School Statute, District was the disbursal agent for receipt of funds paid by DESE to Westport. During the period of more than five years following April 25, 1999, District received funds from DESE, which funds were earmarked and designated for payment by District to Plaintiff for its conduct of school operations and related activities of the senior and middle academy, respectively.

11.     Pursuant to the Agreement and the Charter School Statute, specifically, Section 160.415.2(4), District, acting through Taylor and McKelvey, in their respective individual and employment capacity, was required as disbursal agent to apply the funds received from DESE for the purpose of paying all amounts due to Plaintiff no later than twenty days following District's receipt of each dispersal of such funds from DESE. The receipt,

4

segregation, and disbursal of funds to Westport was a ministerial duty and obligation of District, acting through Taylor and McKelvey that neither required nor permitted exercise of discretion.

12.     Despite District's receipt of funds from DESE at various times after April 25, 1999, District did not timely pay all funds owed to Plaintiff.  Westport had a vested property interest in the said funds and the actions by District, acting through Taylor and McKelvey, deprived Westport of its property interest in said funds without due process of law.

13.     On or about July 1, 2004, Plaintiff commenced school operations at the senior and middle academies for the 2004-2005 school year.  Consistent with the Agreement, Plaintiff did so at the premises owned by District that had been used, possessed and occupied by Westport with District's knowledge, permission and consent since on or about April 25, 1999.

14.     As of August 18, 2004, Westport had a property interest protected under Missouri and federal law to continue its peaceful and uninterrupted occupancy and use of the school buildings unless and until Westport voluntarily ceased using the buildings and vacated them or was compelled to vacate by final order of a court of competent jurisdiction issued in compliance with Westport's rights of due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 2 and 10 of the Missouri Constitution.

15.     As of August 18, 2004, Westport had not ceased charter school activities in the buildings and there was no final, non-appealable order by any court requiring Westport to

vacate the school buildings and District had not complied with Missouri statute or common law necessary to evict or dispossess Westport of the premises.

16.     On or about August 18, 2004, however, District, acting by and through its agents, servants, and employees, including without limitation, Defendant Taylor, wrongfully, willfully, intentionally, and without lawful authority or consent by Westport, entered the school premises for the purpose of dispossessing Westport and preventing Westport from carrying out its charter school operations and to forcibly remove Westport's property therefrom.

17     After entering the said premises, District, acting through its agents, servants, and employees, including Taylor, wrongfully prohibited Plaintiff's employees and Board members from entering the said premises for the purposes of school operations and wrongfully, willfully, intentionally and maliciously damaged or destroyed property in the premises belonging to Westport or under Westport's control, including without limitation, telephone lines and cables, computer lines and cables , and the communication system.

18.     In light of facts and law known to Taylor, Taylor's actions, individually and in his capacity as Superintendent, and the actions of other District employees or representatives, at Taylor's instruction or under his supervision in dispossessing and barring Westport from the buildings and/or damaging or destroying property therein was unreasonable in light of facts and law then known to Taylor and was in violation of Westport's clearly established constitutional or statutory rights.

6

## COUNT ONE:  ACCOUNTING

19.     For Count One of this Petitioner, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 - 18.

20.     Pursuant to the Charter School Statute and/or the Agreement, District was required within twenty days after receipt of funds paid by DESE for disbursal to Plaintiff to pay to Westport funds to which it was entitled.

21.     In the period April 25, 1999, and for more than five years thereafter, through at least September 17, 2004, District was obligated by the Agreement not to deduct from any payment to Westport more than District's documented actual cost of services provided to Westport.

22.     The funds District received from DESE for payment to Westport pursuant to statute and/or the Agreement should have been segregated by District and held separate and apart from other funds of the District and should have accrued interest for any period of time that such funds were held longer than twenty days after receipt by District from DESE.

23.     Upon information and belief, Westport claims that District received but did not pay over to Westport at least the following sums that were due after deduction of documented actual cost of contractually provided service:

a.      For the school year that ended in June 2003, approximately $905,804.00; and

b.      For the summer school during 2000, 2001 and 2002 in amounts not yet known; and

c.      For the summer school during 2004, approximately $700,000.00; and

7

d.  For the school period between August 18, 2004, and September 18, 2004, approximately $1,079,980.00.

24.  From the period from April 25, 1999 to present, District withheld certain funds owed to Westport, purportedly to repay leasehold revenue bond obligations of the District, pursuant to Section 160.415.2(5) RSMo.  Said withholding was improper in that requirements of Missouri law needed in order for District to withhold said funds were not complied with, including through approvals and determinations required to be made by the State Board of Education.  Upon information and belief, District also withheld certain funds for payment of leasehold revenue bonds which were not obligated pursuant to the Federal Court Desegregation Order.  Said withholding was also improper in that, during the period from and after April 25, 1999, District either had sufficient fund balances to redeem or otherwise pay off leasehold revenue bond obligations, but withheld funds from Westport that District had no right to withhold because such funds were not needed by District to repay such bonds.

25.  District has improperly withheld from Plaintiff some or all of the payments specified above, and has refused Westport's request that District account to Westport to establish certain of the amounts that have been withheld, the basis for such withholding, and the amount of interest that has accrued on such amounts.  Westport is, therefore, entitled to and demands hereby a full accounting by District specifying:

a.  Date and amount of all payments for summer school for 2000, 2001, 2002, and 2004; and

8

b.  Date and amount of each payment received by District from DESE in the period April 25, 1999, through September 17, 2004 for Westport school operations; and

c.  The date and amount of any payments by District to Westport in the period April 25, 1999, through September 30, 2004; and

d.  The identification of each account, by account number and financial institution, of where funds received from DESE in the period April 25, 1999, through September 17, 2004, for payment in whole or in part to Westport have been deposited or held; and

e.  Identification of all interest that has accrued on any of the funds received from DESE for payment to Westport in the period April 25, 1999, through September 17, 2004; and

f.  Statement of whether District had sufficient fund balances as of April 25, 1999 through September 17, 2004, to redeem leasehold revenue bond obligations under any federal desegregation cases; and

g.  Identification of all determinations made by the State Board of Education, or other state agency, in any year from 1999 through 2004, of the amount needed by District to repay any leasehold revenue bond obligations of the District, pursuant to Section 160.415.2(5) RSMo.; and

Case 4:05-cv-00414-ODS   Document 28   Filed 11/04/05   Page 9 of 26

h.     Identification of all leasehold revenue bonds obligated by the District pursuant to a federal court desegregation action and identification of all funds withheld from Plaintiff to pay such leasehold revenue bonds; and

i.     Identification of any amounts withheld by District from Westport which were applied by District to repayment of bonds or which were withheld by District from Westport for repayment of such bonds; and

j.     An itemization documenting the actual cost of all service provided by or through District to Westport in the period April 25, 1999, through September 17, 2004; and

k.     An itemization of all charges to Westport by District for the services provided by or through District to Westport in the period April 25, 1999, through September 17, 2004; and

l.     An itemization of District's actual cost of services provided by or through the District to Westport in the period April 24, 1999 through September 17, 2004.

26.     By letters of September 13, 2004, and October 29, 2004, Westport notified District of its claims and Westport's demand that District account to Westport for the above-described funds.

27.     District has failed to comply with Westport's claims.

28.     The District's action in: (a) failing and refusing to timely remit funds to Westport that District has received from DESE; and/or (b) charging Westport more than actual cost for services; and/or (c) withholding, retaining or applying funds to repay

10

leasehold revenue bonds after April 25, 1999; and/or using some of the said funds for District obligations other than Westport Charter Schools were entirely inequitable and unjust.

29.     But for District's unwarranted and unjustified refusal to account to Westport for its receipt and disposition of the above-described funds, Westport would not have been compelled to incur attorney's fees in pursuing this claim.  In order to balance the equities between the parties, then, this Court should award reasonable attorney's fees to Westport.

30.     Because the Agreement between District and Westport has terminated, District is not presently disbursal agent for Westport.  Further, Westport does not presently have students enrolled in a charter school.  Hence, unless DESE has improperly withheld funds from Westport, DESE is not presently making regular payment of funds to Westport under Section 160.415 (RSMo.).

31.     On or about January 25, 2005, and again on September 15, 2005, Westport made claim to DESE for payment of all funds that had been improperly or wrongfully withheld by District.  Though over eight months have passed since Westport's first demand upon DESE, there has been no payment either by DESE or by District of the wrongfully withheld or converted funds, nor has there been any action initiated by DESE of which Westport has knowledge to determine the amount of District's wrongful withholding or conversion of funds belonging to Westport.  DESE has now responded to Westport's demand of September 15, 2005, by refusing to authorize District to pay to Westport the approximately $906,000.00 District has received from DESE and by refusing to pay or even consider Westport's claim for the 2004 funds.

11

32.     If Westport's claim for accounting as set out above falls within the ambit or purview of Section 160.415(3) (RSMo.), Westport has exhausted its administrative remedies by making demand upon DESE that has not been acted upon despite the passage of more than eight months and which DESE has now refused to consider.

WHEREFORE, Westport prays for an accounting by DESE and by District of funds received, disbursed, withheld and used; for an award of appropriate pre-judgment interest pursuant to § 408.020 RSMo. on funds that should have been but were not disbursed; for the award of attorney's fees; and for the assessment of all costs and expenses of the action against District and for any other relief deemed appropriate by the Court.

## COUNT TWO:  CONVERSION

33.     For Count Two of this Petition against District and against Taylor, individually and in his capacity as Superintendent of District, and against McKelvey, individually and in her capacity as District's Chief Financial Officer, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraph 1 - 32.

34.     Funds to which Westport was entitled for the conduct of school operations and activities in the period April 25, 1999, through September 17, 2004, that were received by District from DESE were specifically earmarked and designated for payment to Westport within twenty days after receipt of such funds by District.  After receipt of such funds, District, acting through Taylor and McKelvey, had the ministerial and non-discretionary duty to maintain Westport's funds in a separate account and to transmit to Westport for funds to which it was entitled after any deduction of funds that District was contractually entitled to

12

receive from Westport as the "documented actual costs" of services provided by District for Westport.

35.     Withholding of such funds for more than twenty days or re-application or use of the said funds by District, Taylor or McKelvey for any purpose other than payment of the said funds to Westport was wrongful.

36.     Despite demand by Westport for the payment of funds received by District from DESE referred to above, District, Taylor and McKelvey have wrongfully and without justification or lawful authority refused to remit or give up possession of the said funds to Westport, thereby, wrongfully converting the said funds.

37.     The Defendants' actions, jointly and severally, in wrongfully withholding the said funds and/or applying the said funds for uses and purposes other than payment of the said funds to Westport, was done with specific intent to cause harm and injury to Westport and to interfere with Westport's ability to conduct school operations.

38.     As a direct and proximate result of the conversion of Westport's funds, Westport has been deprived of payments in the amount of no less than $2.6 million to which Westport is entitled, plus all interest that has accrued on that amount at the Missouri statutory rate.

39.     Because the actions or omissions by Taylor and McKelvey, jointly and severally, were intended to cause harm to Westport and were without any legitimate justification or excuse, Westport is entitled to recover exemplary damages from Taylor and/or McKelvey in addition to its compensatory damages.

13

WHEREFORE, Westport prays for judgment against Defendants, jointly and severally, for all compensatory damages to which it is entitled, for exemplary damages against Taylor and McKelvey, for all costs and expenses of the action, and for any other relief deemed appropriate by the Court.

## COUNT THREE:  TRESPASS AND DESTRUCTION OF PROPERTY

40.     For Count Three of this Petition, against Defendant Taylor, individually and in his official capacity as District's Superintendent, Plaintiff incorporates by reference herein and makes a part hereof each and every allegation of Paragraph 1 - 39.

41.     Taylor had ultimate decision making authority for District with regard to entry into the school buildings that were occupied by Westport as of August 18, 2004.

42.     Taylor directed and controlled the actions of employees and representatives of District who entered the school buildings and did damage therein and dispossessed Westport therefrom.

43.     When Taylor and other District employees, acting at Taylor's instructions, entered the school premises on August 18, 2004, and barred Westport from entering, they did so intentionally, wrongfully and without the consent of Westport, and in violation of Westport's clearly established constitutional or statutory rights.

44.     As of the time of the said wrongful entry into the premises in August 2004, and for more than three years continuously preceding said entry, Westport had possessed, used and occupied the said premises with the knowledge, consent and permission of District.

14

45.     Defendant Taylor's intention at the time of entering the premises in August 2004, and instructing others to do so, was to dispossess Westport of the premises so as to interfere with and prohibit Westport's continued use of the premises to prepare for and conduct school operations which, as of the date of trespass, Westport was lawfully entitled to do.

46.     At the time Taylor and other District employees acting at Taylor's instructions barred Westport from the premises in August 2004, they did not have any lawful authority under Section 534.300 or any other statute or judicial process.

47.     After entering the premises and wrongfully barring Westport therefrom, and in an essentially continuous and inter-related course of conduct, District employees or agents damaged personal property in the premises belonging to Westport or which was under the control of Westport, including computers, computer lines and wires, telephone cables or wires, furnishings and the communications system.

48.     The cost to Westport repair or replace the damaged personal property was no less than $32,000.00.

49.     Because Taylor's conduct was intended to harm and injure Westport by interfering with or prohibiting Westport from continued conduct of school operations and preparation for school operations and was without any proper justification or excuse, Plaintiff is entitled to recover exemplary damages from Defendant Taylor in addition to compensatory damages.

50.     Taylor's conduct as set out above was not within the discretion or judgment lawfully vested in a school superintendent and constituted intentionally tortious, wrongful, or unlawful conduct as to which Defendant has no qualified immunity.

WHEREFORE, Westport prays for judgment against Defendant for compensatory damages in the amount of the cost of all repairs that were necessitated by Defendants' improper conduct or the fair market value of any of its property that was destroyed; for exemplary damages against Taylor in an amount that is fair, just and reasonable, and for the assessment of all costs and expenses of the action against Taylor and for any other relief deemed appropriate by the Court.

## COUNT FOUR:  CONSTRUCTIVE TRUST

51.     For Count Four of this Petition, Westport incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 - 50.

52.     All funds received by District from DESE in the period April 25, 1999, through the present that District should have but did not timely disburse to Westport and all interest that has accrued thereon are wrongfully in the possession of District and should, therefore, be segregated and held in trust so as to prevent use of the said funds by District, dissipation of the said funds or disappearance of the said funds.

53.     District received the said funds from DESE solely to disburse said funds to Westport.  District, therefore, received and held the funds in a fiduciary capacity requiring District to maintain, preserve and timely disburse the funds with utmost honesty and regard for Westport's interests.

16

54.     Because District has breached its fiduciary and/or statutory duty to disperse the funds to Westport in a timely manner and has not fully accounted to Westport for the funds or the failure to disperse the funds, absent imposition of a constructive trust as sought in this Count of the Petition, there is a reasonable likelihood that some or all of the said funds will be improperly used or applied by District or co-mingled with other funds of District to the extreme detriment of Westport.

WHEREFORE, on the basis of the above and foregoing, Westport prays for imposition of a constructive trust as to all of the above-described funds District has received from DESE but has not timely dispersed to Westport, for a judgment requiring specific performance of all duties under said trust, i.e., conveyance of the funds to Westport, for an appropriate award of pre-judgment interest pursuant to § 408.020 RSMo, for all costs and expenses of the action and for any other relief deemed appropriate by the Court.

### COUNT FIVE:  UNCONSTITUTIONAL DEPRIVATION OF PROPERTY

55.     For Count Five of this Amended Petition against Defendants District, Taylor and McKelvey, acting individually and within their respective capacities as set out above, Westport incorporates by reference herein and makes a part hereof each and every allegation of Paragraphs 1 through 54.

56.     Westport had a property interest in all funds District received from DESE that were earmarked for payment to Westport for charter school operations and had a property interest in continued use, possession and occupancy of the school premises deriving from

17

Westport's occupancy of the said premises with the consent of District for a period of more than five consecutive years as of August 18, 2004.

57. Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2 and 10 of the Missouri Constitution, no citizen may be deprived of its property without due process of law.

58. In one or more of the following respects, District, acting by and through Taylor and McKelvey, acting individually and in their official capacity, deprived Westport of constitutionally and statutorily protected property interests:

    a. By wrongfully withholding and/or converting funds that District had received from DESE that were earmarked for payment to Westport for its charter school operations; and/or

    b. Dispossessing Westport from use, possession and occupancy of the school premises on August 18, 2004, and/or

    c. Damaging or destroying Westport's property therein.

59. At all times relevant hereto, District acted through Taylor and McKelvey, who acted in their individual and employment capacities with regard to all matters stated hereinbefore.

60. The actions by District through Taylor and McKelvey, acting individually and in their employment capacities, in depriving or misusing funds to which Westport was entitled, and/or interfering with Westport's use, possession and occupancy of the school premises and/or in damage or destruction of Westport's property were unreasonable in light

18

of facts and law then known to District, Taylor and McKelvey and constituted clear violations of Westport's well-established constitutional and statutory rights.

61.     As a direct and proximate result of Defendants' joint and several misconduct, Westport has been deprived of funds in an amount of no less than $2.6 million and has suffered damage and destruction to its property in an amount of no less than $32,000.00 and has been caused and compelled to incur substantial attorney's fees.

62.     The actions of Taylor and McKelvey, jointly and severally, were without any just cause or excuse and were intended to cause harm to Westport, therefore, entitling Westport to recover from Taylor and McKelvey, jointly and severally, exemplary damages in addition to any compensatory damages to which Westport is entitled.

WHEREFORE, Westport prays for judgment under County Five of this Amended Petition against District, Taylor and McKelvey, jointly and severally, for all compensatory damages to which Westport is entitled and for exemplary damages against Taylor and McKelvey that are just and fair under the circumstances and for the award of all attorney's fees incurred by Westport herein and for the assessment of all costs and expenses of the action against Defendants and for any other relief deemed appropriate by the Court.

## COUNT VI:  PAYMENT AND RELEASE OF FUNDS

63.     For Count VI of this Second Amended Petition, against DESE, Westport incorporates by reference herein and makes a part hereof each of the allegations in Paragraphs 1 through 62.

19

64.    District has received from DESE funds in the amount of approximately $905,804.00, which funds were paid by DESE for disbursement to Westport with regard to Westport's conduct of charter school operations in the school year ending 2003.

65.    Despite Westport's demand upon District and upon DESE for disbursal of the funds, District has withheld the funds claiming that it has not been authorized or instructed by DESE to pay the said funds over to Westport.

66.    Westport is presently entitled to payment of the said funds and has been since the funds were disbursed because of Westport's conduct of charter school operations for the school year that ended in June 2003.

67.    Pursuant to the Charter School Statute, District, as disbursal agent for DESE, was required to pay over to Westport within twenty days after District's receipt of funds District received from DESE for the 2003 school year operations.

68.    Despite demand by Westport upon District and upon DESE in the fall of 2004 and again in January 2005 and in September 2005, for payment of the said funds and/or authorization or instruction by DESE to District for payment of said funds, DESE has neither authorized nor instructed District to make the said payment, nor conducted administrative review or hearing to resolve Westport's claims and, therefore, District presently holds the said funds and Westport has no adequate administrative remedy.

69.    Upon authorization and instruction from DESE to release the said funds, District is obligated to pay the said funds to Westport.

20

70.     But for the failure or refusal of DESE to authorize and instruct District to pay the said funds to Westport, Westport would not have been deprived of the said 2003 year funds and would not presently be deprived of the said funds.

WHEREFORE, Westport prays for this Court's Order and Judgment compelling DESE to authorize and instruct District to immediately pay over to Westport the fund totaling $905,805.00 plus all interest that has accrued thereon and for such other relief as the Court deems appropriate.

## COUNT VII:  PAYMENT DUE

71.     For Count VII, in the alternative to Counts I and II, Westport incorporates by reference the allegations of Paragraphs 1 - 22, 24, 30 - 32.

72.     In addition to its entitlement to receive the above-referenced funds to which Westport is entitled for its conduct of charter school operations in the school year ending in 2003, Westport is also entitled to be compensated for its conduct of charter school operations from July 1, 2004, through September 17, 2004.

73.     Though District purported to terminate its Charter Sponsorship Agreement with Westport effective June 30, 2004, there was no action by the Missouri Supreme Court until September 17, 2004, rejecting transfer of the judgment by the Missouri Court of Appeals reversing the Preliminary Injunction issued by the Jackson County Circuit Court in or about July 2004 that had rejected and prohibited District's attempt to terminate its Charter Agreement.

21

74.     In the period up to June 30, 2004, Westport conducted charter school operations under the Charter Sponsorship Agreement.  After June 30, 2004, Westport conducted charter school operations pursuant to the Preliminary Injunction by the Jackson County Circuit Court prohibiting District from terminating the Sponsorship Agreement and in the good faith belief that it was obligated to continue educating students.

75.     Westport is entitled under the Missouri charter school statute to compensation from the State of Missouri through DESE for its conduct of charter school operations from July 1 through September 17, 2004, as asserted in Paragraph 23 hereinbefore.

76.     If DESE has not paid or transferred to District the funds to which Westport is entitled for the summer school and August through September 17, 2004, charter school operations, DESE is obligated to do so.

77.     DESE is also obligated to instruct and authorize District to pay over to Westport within twenty days after its receipt of all such funds from DESE, all funds to which Westport is entitled for its conduct of charter school operations from July 1 through September 17, 2004.

78.     Despite demand by Westport in January 2005, and again on September 15, 2005, for the payment of such funds, if DESE has not transmitted or paid said funds to District or has not instructed and authorized District to remit such funds to Westport, DESE has refused to make payment or to conduct administrative review or hearing on Westport's claim for payment and Westport has no adequate administrative remedy.

22

79.    Westport incurred financial obligations to teachers, staff, employees and vendors for the conduct of charter school operations in summer 2004 and in the period ending September 17, 2004, and is otherwise entitled to compensation pursuant to the charter school statute based upon the average daily attendance at the Westport Middle and Senior Academies.

80.    Westport has exhausted any administrative avenue on remedies that might have applied and further demands by Westport upon DESE would be futile.

WHEREFORE, Westport prays for judgment against DESE compelling DESE to pay to District as disbursal agent or to pay directly to Westport all funds to which Westport is entitled for the conduct of charter school operations from July 1 through September 17, 2004; and for all interest that has accrued on the above specified amounts and for all costs and expenses of the action and for any other relief deemed appropriate by the Court.

## COUNT VIII:  EQUITABLE ENTITLEMENT

81.    For Count VIII of this Second Amended Petition, Westport incorporates by reference herein each and every allegation set forth in Paragraphs 1 - 22, 24, 30 - 32 and 71 - 80, as though more fully set out herein.

82.    During the period July `1 through September 17, 2004, DESE knew that Westport was continuing to provide education, services and facilities at the Westport Middle and High School Academies.

83.    At no time between July 1 and September 17, 2004, did DESE ever inform Westport that it was not entitled to conduct charter school operations at the said schools or

23

that Westport would not be entitled to compensation or having done so utilizing the same compensation formulas and considerations that DESE had applied determining the amount of payment to which Westport was entitled for charter school operations between April 25, 1999, and June 30, 2004.

84.     Westport conducted charter school operations in the period July 1 through September 17, 2004, in good faith and reasonable reliance upon the preliminary injunction order issued by the Circuit Court of Jackson County, Missouri, enjoining District from terminating the Sponsorship Agreement and upon the fact that preliminary injunction order had remained in effect and had not been rescinded or vacated either by the Jackson County Circuit Court or the Missouri Court of Appeals and by the order of the Missouri Supreme Court granting Westport's Application for Transfer to consider the Order by the Missouri Court of Appeals.  Westport also relied in good faith upon DESE's failure to object to Westport's conduct of charter school operations in the period July 1 through September 17, 2004, or to inform Westport that DESE did not intend to make payment to Westport for such school operations.

85.     DESE's failure to authorize payment to Westport for the 2003 charter school year and/or the charter school operations from July 1 through September 17, 2004, is unreasonable, inequitable, and is contrary to the course of practice and dealing between Westport and DESE with regard to charter school operations from and after April 25, 1999.

86.     Westport incurred costs, expenses, and financial loss and other detriments in reasonable reliance upon DESE's acts and omissions as set forth above.

24

WHEREFORE, Westport prays for judgment against DESE under Count VIII in the alternative to Counts VI and VII for the full amount of all funds to which Westport is or would be entitled as a Missouri charter school for the conduct of school operations in school years 2003 and 2004 up to and including September 17, 2004, and all interest that has accrued on the said amounts since they were due and payable and for all costs and expenses of the action and for any other relief deemed appropriate by the Court.

Respectfully submitted,

WYRSCH HOBBS & MIRAKIAN, P.C.


By:    */s/ Stephen G. Mirakian*
   JAMES R. WYRSCH   MO# 20730
   STEPHEN G. MIRAKIAN  MO#29998
   KEITH E. DRILL    MO #37065
   1000 Walnut Street, Suite 1600
   Kansas City, Missouri  64106
   816-221-0080 Telephone
   816-221-3280 Facsimile
   **ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of November, 2005, the above and foregoing was filed using the ECF system and that notification of such filing was sent to the following:

Allan V. Hallquist, Esq.
Hayley E. Hanson, Esq.
Michael E. Norton, Esq.
Blackwell, Sanders, et al.
1000 Two Pershing Square
2300 Main Street
Kansas City, Missouri 64108
*Attorneys for Defendants*

Notification was sent by first class mail to:

Mark Allan Van Zandt
General Counsel
DESE
P.O. Box 480
Jefferson City, MO 65102-0480


*/s/ Stephen G. Mirakian*
**ATTORNEY FOR PLAINTIFF**